UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALVIN WILSON,

                Plaintiff,

-against-

First name defendant Doctor FAZAL M.
YUSSUFF, employee in his individual capacity
at AMKC C95; Second named defendant
Doctor ALI, employee in her individual
capacity at AMKC C95; also MD HABIB
MOHAMMAD as an employee in his
individual capacity at AMKC C 95, also
contracted by NYC Department of Health
and Mental Hygiene, all as defendants,

                Defendants.[1]
-------------------------------------------------------X

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM
AND ORDER

14-CV-3684 (ARR) (RML)

ROSS, United States District Judge:

On June 10, 2014, Alvin Wilson, a prisoner then incarcerated at the Anna M. Kross Center (AMKC) jail on Rikers Island, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that unnamed defendants violated his civil rights. By Memorandum and Order dated June 24, 2014 ("June Order"), Dkt. #5, the court granted plaintiff's request to proceed in forma pauperis, dismissed the complaint, and directed plaintiff to file an amended complaint. Having reviewed the plaintiff's submissions, the amended complaint is dismissed for the reasons set forth below.

**Background**

In his original submission, plaintiff alleged that Rikers Island medical staff at AMKC delayed medical treatment for various conditions he brought to their attention. However,

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

plaintiff failed to allege facts sufficient to state a constitutional violation against any of the John Doe defendants. In light of the court's obligation to liberally construe pro se pleadings, the court directed plaintiff to file an amended complaint alleging "facts from which the personal involvement of each defendant named in the amended complaint . . . can be inferred." June Order at 5. The court also ordered plaintiff to provide (1) names or descriptions identifying the alleged John/Jane Doe defendants; (2) detailed information regarding his request for medical treatment – specifically, the date of the requested treatment, the factual basis for the request, the circumstances of the individual defendants' response to each request, and a description of the medical treatment, if any, received in connection with the request; and (3) a description of the steps plaintiff took to exhaust available administrative remedies while incarcerated. Id. at 5 & n.2. Plaintiff was cautioned to "refrain from including legal jargon or legal conclusions and instead to provide solely the facts of each claim against each defendant." Id. at 5. He was also warned that if the amended complaint "fail[ed] to comply with this order, judgment shall enter dismissing the complaint."[2] Id. at 6.

Plaintiff's movement between custodial facilities resulted in mail sent from the court

---

[2] Including this action, plaintiff has filed seventeen cases to date, several of which were also dismissed for failure to state a claim. See Wilson v. O'Brien, 92-CV-1395 (RJD) (settled Dec. 20, 1994); Wilson v. Coleman, 93-CV-5566 (FB) (dismissed on summary judgment on Jan. 22, 1998); Wilson v. 103rd Precinct, 94-CV-4447 (RJD) (dismissed for failure to state a claim on Apr. 19, 1996); Wilson v. Warden of Rikers Island, 95-CV-2051 (RJD) (dismissed for failure to exhaust state remedies on Dec. 1, 1995); Wilson v. Hanophy, 95-CV-2312 (RJD) (dismissed as frivolous on July 28, 1995); Wilson v. Davis, 95-CV-4572 (RJD) (dismissed as frivolous on Nov. 9, 1995); Wilson v. New York City, 96-CV-4603 (RJD) (dismissed as frivolous on Nov. 11, 1996); Wilson v. New York City, 01-CV-4603 (ARR) & Wilson v. New York City, 01-CV-4604 (ARR) (consolidated and dismissed for failure to state a claim on Nov. 9, 2001); Wilson v. New York City, 02-CV-2209 (ARR) (dismissed for failure to state a claim on Apr. 15, 2002); Wilson v. Brown, 02-CV-2547 (ARR) (dismissed as time barred on Sept. 4, 2002); Wilson v. Manager of Macy's Dep't Store, 03-CV-4092 (ARR), Wilson v. New York City, 03-CV-4350 (ARR), & Wilson v. New York City, 03-CV-4909 (ARR) (consolidated and dismissed for failure to state a claim on May 5, 2004); Wilson v. New York City, 04-CV-2566 (ARR) (dismissed on summary judgment on Feb. 16, 2007); Wilson v. Lugo, 14-CV-4638 (ARR) (dismissed under 28 U.S.C. § 1915(g) on Aug. 14, 2014).

being returned as undeliverable. Several extensions of time were therefore granted, the last of which cautioned that the court would "consider whatever submissions from the plaintiff that have been received by October 24, 2014, to be the amended complaint." Order dated Oct. 2, 2014, Dkt. #17, at 2. As of October 24, 2014, plaintiff had filed three separate documents purporting to be amended complaints, and to date he has made no further submissions.

In the first submission, filed August 15, 2014, plaintiff names as defendant Fazal M. Yussuff, allegedly the Regional Vice President of Operation at Corizon Health, Inc. Amended Complaint filed Aug. 15, 2014 ("8/15/14 Am. Compl."), Dkt. #12. However, that document fails to provide any factual allegations regarding how Yussuff deprived plaintiff of his constitutional rights.

On October 6, 2014, plaintiff filed another amended complaint naming as defendants Dr. Mohammed and Dr. Ali. Amended Complaint filed October 6, 2014 ("10/6/14 Am. Compl."), Dkt. #16. In this submission, following generalized assertions regarding legal standards and conclusions, plaintiff claims that "[o]n June 30, 2014 [at] 10:59 at Bellevue [Hospital] . . . Defendant[s] had overlook[ed] or did not [want] to look at [his] blood test," even though doctors at a previous facility had apparently indicated that plaintiff should continue to receive "routine surveillance." Id. at 2. Plaintiff also lists thirteen ailments under the heading "current medical history." Id. at 3.

Plaintiff filed an additional and final amended complaint on October 16, 2014. Amended Complaint filed Oct. 16, 2014 ("10/16/14 Am. Compl."), Dkt. #18. He again identifies Fazal M. Yussuff, Dr. Mohammad, and Dr. Ali as defendants, alleging that they are employees of AMKC. This pleading relates the procedures for obtaining medical care at AMKC and alleges that plaintiff "reported to sick call about my diagnosis [of] urgent serious medical problems." Id. at 2.

Plaintiff charges the defendants with "improperly screening medical processing," providing "inadequate health care during [plaintiff's] incarceration," acting "with deliberate [ ] indifference to plaintiff['s] medical needs[,] and completely ignor[ing] the seriousness of harm that will result from [those] delays and denial of those treatments that [are] required." Id. at 1-2.

Attached to the October 16 amended complaint are copies of grievance forms that plaintiff submitted on June 12, 2014, one day after this lawsuit was filed. In those forms, he alleges that he told an unnamed doctor that he had an eye infection and hearing problem but the doctor did not pay attention to those complaints. Inmate Grievance and Request Program Statement Form ("Grievance Form"), attached as part of 10/16/14 Am. Compl., at 1. Plaintiff claims that he had received "poor or substand[ard] care" and that "incompetent[,] negligent[,] or fraudulent care from this aging doctor" constituted "misconduct"; he therefore requests that he be sent back to a hospital for treatment. Id. Plaintiff alludes to having difficulty obtaining his medical records, and lists a series of abstract grievances against medical staff generally, including "ordering excessive tests or treatment," "promoting the sale of services, goods, appliances or drugs in a manner that exploits the patient," and "abandoning or neglecting a patient under and in need of immediate professional care," all of which recite portions of the definition of professional misconduct for physicians found in the New York Education Law. Id. at 2; see N.Y. Educ. Law § 6530(17), (30), (35). Finally, in an undated Request for a Second Opinion also attached to the last amended complaint, he complains that the physicians from "Albany Medical" do not "do their job like they [are supposed] to do," and that doctors at AKMC "are aware [of] the serious harm [that] exists" but "ignored th[e] risk" of "delay[ed] treatment." Correctional Health Services Request for a Second Opinion, attached as part of 10/16/14 Am. Compl.

In light of plaintiff's pro se status, the court collectively considers as his amended

4

complaint in response to the court's June Order all of the documents, including attachments, that he filed in August and October. For the reasons set forth below, the action is dismissed.

## DISCUSSION

### A. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citation and quotation marks omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after Twombly, the court "remain[s] obligated to construe a pro se complaint liberally"). Nevertheless, the court is required to dismiss sua sponte an in forma pauperis action if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### B. Section 1983 Claim

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second,

"the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

As set forth in the June Order, negligence by prison medical personnel, even if it rises to the level of medical malpractice, does not amount to a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). An error in diagnosis or treatment recommendations "would constitute at best only negligence and thus is not actionable as a constitutional violation." Johnson v. Wright, 234 F.Supp.2d 352, 365 (S.D.N.Y. 2002); see also Perez v. Hawk, 302 F.Supp.2d 9, 21 (E.D.N.Y. 2004) (prisoner's allegation that doctors misdiagnosed and mistreated his medical conditions does not rise to a constitutional violation); Ortiz v. Makram, No. 96 Civ. 3285, 2000 WL 1876667, at *9 (S.D.N.Y. Dec. 21, 2000) (prisoner's allegation that doctor misdiagnosed kidney pain as drug withdrawal does not rise to a constitutional violation).

In order to plead a constitutional violation, plaintiff must allege facts sufficient to draw an inference that each named defendant was deliberately indifferent to plaintiff's serious medical needs. Estelle, 429 U.S. at 105. The deliberate indifference standard includes both objective and subjective components. First, the deprivation of care must objectively be "sufficiently serious." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (internal citations and quotation marks omitted). Second, the facts must give rise to a reasonable inference that the persons charged with providing medical care knew of those serious medical needs and intentionally disregarded them. Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (noting that claims

for deliberate indifference to the health or safety of a detainee are analyzed under the same standard whether asserted under the Eighth or Fourteenth Amendments).

Despite the court's warning that plaintiff's complaint would be dismissed if he relied on legal jargon and conclusory allegations of law and did not provide factual details regarding how defendants responded to his specific requests for treatment and the personal involvement of each named defendant in the alleged misconduct, plaintiff has still not provided even marginally sufficient factual allegations to establish a claim of deliberate indifference to his serious medical needs.

Plaintiff named Fazal M. Yussuff, Dr. Mohammed, and Dr. Ali as defendants, but did not connect any specific conduct to these defendants. Plaintiff provided little information regarding what medical care he had sought, other than listing his current medical conditions and stating that he had reported to sick call regarding his "medical problems." 10/16/14 Am. Compl. at 2. Plaintiff does allege that he told an unnamed doctor that he had an eye infection and a hearing problem, that he was "improperly screen[ed]" for "medical processing," and that a doctor at Bellevue Hospital overlooked a blood test, but he does not specify which, if any, of the defendants he was referring to, nor does he allege facts sufficient to state a constitutional tort against any defendant. Id. at 1. Rather, relying solely on generalized assertions and legal conclusions, he claims that the seriousness of his medical needs was ignored; that he received poor, inadequate, and negligent health care; and that the defendants failed to do their job and acted with deliberate indifference to his medical needs by ignoring the seriousness of his conditions, resulting in unspecified harm from delayed or inadequate care. 10/6/14 Am. Compl.; 10/16/14 Am. Compl. These statements do not contain sufficient factual content such that the

7

court could draw reasonable inferences that the named defendants were deliberately indifferent to plaintiff's medical needs.

Furthermore, plaintiff clearly failed to exhaust administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002) (holding that PRLA requires exhaustion of administrative remedies for § 1983 claims); Neal v. Goord, 267 F.3d 116, 117-18 (2d Cir. 2001) (holding that court must dismiss action where inmate did not exhaust administrative remedies). Despite the existence of established grievance procedures for the New York City Department of Correction, see, e.g., Pierre-Louis v. Martinez, No. 12 CV 2240, 2014 WL 4161960, at *3 (E.D.N.Y. Aug. 19, 2014) ("The DOC has established a multi-step administrative remedies process . . . that inmates must follow to meet the PRLA's exhaustion requirement."), plaintiff filed this action one day before filing the Grievance Form attached to the third amended complaint.

## CONCLUSION

Because plaintiff has failed to follow the directions contained in the June Order and has not plead sufficient facts to support his claim nor exhausted available administrative remedies, the action, filed in forma pauperis, is dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court declines to allow plaintiff to amend the complaint further as he has, to date, been provided with multiple opportunities to do so, and granting additional leave to amend would be futile. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014); Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United

States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: December 4, 2014
       Brooklyn, New York